```
IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
            CHARLOTTE DIVISION
              3:05CV177-MU-2
             (3:03CR109-02-MU)
```

| | | |
|---|---|---|
| **ELIJAH JAMES GADDY,** | ) | |
|     **Petitioner,** | ) | |
| | ) | |
|     v. | ) | <u>ORDER</u> |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
|     **Respondent.** | ) | |
| _____ | ) | |

**THIS MATTER** comes before the Court on petitioner's "Motion to Vacate Judgment Or Set Aside Sentence . . . " under 28 U.S.C. §2255, filed April 28, 2005. After having carefully reviewed the petitioner's Motion, the record of the petitioner's criminal case, and the relevant legal precedent, the Court concludes, out of an abundance of caution, that the petitioner's Motion to Vacate should be <u>granted</u>, but only for the purpose of allowing him to pursue a direct appeal of his convictions and/or sentences in his underlying criminal case.

        **I.**    <u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

According to the record, on June 25, 2003, the petitioner (along with four other individuals) was named in a multi-count Bill of Indictment which charged, among other matters, that the petitioner had conspired to traffic in certain specified quantities of powder and crack cocaine, all in violation of 21 U.S.C. §§841(a)(1) and 846 (Count One); that he had possessed with

intent to distribute quantities of crack cocaine on multiple occasions, all in violation of 21 U.S.C. §841 (Counts Five through Seven); and that he had used and carried a firearm, and had possessed such firearm during and in relation to or in furtherance of a drug trafficking crime, all in violation of 18 U.S.C. §924(c)(1).

Although the petitioner initially signed a written Plea Agreement in this matter, on September 16, 2003, the petitioner appeared before the Court and entered "straight-up" guilty pleas to the charges which he was facing. Upon the conclusion of that Plea & Rule 11 Proceeding, the Court conditionally accepted the petitioner's guilty pleas.

Next, on April 21, 2004, the government filed a written Motion for Downward Departure pursuant to U.S. Sentencing Guidelines §5K1.1. Such Motion asked the Court to reduce the petitioner's sentencing exposure from 360 months to life imprisonment plus 60 years consecutive, down to a total of 322 to 387 months imprisonment.

On April 28, 2004, the Court held a Factual Basis & Sentencing Hearing for the petitioner. On that occasion, the Court reviewed the record, the Pre-Sentence Report and other pertinent matters. Thereafter, the Court sentenced the petitioner to concurrent terms of 188 months imprisonment on Count One and Counts Five through Seven, and to a mandatory minimum consecutive 60-month term of imprisonment on Count Eight. Thereafter,

the Court's Judgment and Commitment form was filed on May 7, 2004.

The petitioner did not immediately appeal his convictions or sentences. Rather, on October 20, 2004, the petitioner filed his Notice of Appeal, arguing that such Notice should be deemed timely filed on the basis of his attorney's Peak violation–-that is, counsel's alleged failure to file an appeal as requested by the petitioner. Not surprisingly, on appeal, the government sought a dismissal on the ground that the appeal was untimely. The Fourth Circuit Court of Appeals granted the government's motion to dismiss, noting that the appeal had been filed outside of both the 10 and 30-day periods which are applicable under the Federal Rules of Appellate Procedure. (See United States v. Gaddy, No. 04-4915, slip op. at 1 (April 15, 2005)).

Accordingly, on April 28, 2005, the petitioner filed the instant Motion to Vacate, alleging only that he was subjected to ineffective assistance of counsel by virtue of his attorney's failure to honor his request for a direct appeal. Having carefully considered this matter, the Court concludes, out of an abundance of caution, that the petitioner's Motion to Vacate should be granted for the limited purpose of allowing him to perfect a direct appeal.

## II. **ANALYSIS**

Indeed, in United States v. Peak, 992 F.2d 39, 42 (4th Cir. 1993), the Fourth Circuit held that an attorney's failure to file

an appeal, when requested by his client to do so, is per se ineffective assistance of counsel--irrespective of the merits of the appeal.  See also Evitts v. Lucey, 469 U.S. 387, 391-05 (1985) (same); and United States v. Witherspoon, 231 F.3d 923 (4th Cir. 2000) (discussing when failure to consult with client concerning whether to appeal constitutes ineffective assistance).

In the instant case, the petitioner has alleged that he asked his attorney to file an appeal; but that his attorney, for whatever reason, failed to file such an appeal as he requested. The petitioner's assertion is further buttressed by the fact that he, on his own behalf, attempted to filed an appeal with the Court of Appeals.  However, such appeal was dismissed as untimely filed.  Thus, even if the government were to file an answer or other response which attaches an affidavit in which counsel simply denies such representation, the Court still would be compelled to give the petitioner the benefit of the doubt on this matter.

Accordingly, in light of Evitts and Peak, the Court concludes that the petitioner's Motion to Vacate should be granted. That is, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken.  Thus, the Court will vacate its Judgment so that petitioner may appeal his conviction and/or sentence.

### III.  **NOTICE OF APPELLATE RIGHTS**

Mr. Gaddy, you are hereby advised that you have an absolute

right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals.  If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District Court within 10 days after the day your new Judgment of conviction is filed with this Court, or within 10 days after any Government appeal is filed with this Court, whichever day comes later.  The Clerk will assist you in preparing your Notice of Appeal if you so request.

If you previously were determined to be indigent in connection with your criminal case, or if you now are indigent and are unable to pay for an appeal, you may request permission to proceed on appeal without prepayment of the applicable filing fees.  You should discuss the question of appeal with your attorney, if you have one, but whatever he or she may tell you, the responsibility for filing the Notice of Appeal remains with you, and you must file such Notice within the aforementioned 10-day period in order to make it effective.

## IV.  ORDER

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. That the petitioner's Motion to Vacate is **GRANTED;**

2. That the petitioner's original Judgment is **VACATED** due to counsel's failure timely to file an appeal on the petitioner's behalf;

3. That the Clerk is directed to prepare a new Judgment with the same sentence and conditions as indicated on the

original Judgment form;

4. That the petitioner may appeal from his new Judgment as has been explained in this Order;

5. That if counsel for the government is aware that former defense counsel has in his possession a document which affirmatively establishes that the petitioner advised counsel that he did **not** want to appeal, or which otherwise conclusively rebuts the petitioner's allegation that counsel failed to file an appeal as requested, counsel for the government may present such evidence to the Court by way of an appropriate request for reconsideration; and

6. That the Clerk shall send copies of this Order to the petitioner and to the United States Attorney for the Western District of North Carolina.

**SO ORDERED,** this __2nd__ day of May 2005.

_____
**GRAHAM C. MULLEN
Chief U.S. District Judge**

*Graham C. Mullen*
Chief United States District Judge